# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ALONZO FRANCISCO BEARD**                                                      **PLAINTIFF**

v.                             No: 4:22-cv-00268-JM-PSH

**ADAMS**, *et al.* [1]                                                         **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Alonzo Francisco Beard filed a *pro se* complaint on March 21, 2022, while incarcerated at the W.C. Brassell Adult Detention Center (Doc. No. 2). At the

---

[1] Because Beard's amended complaint (Doc. No. 9) names only Captain Adams, Lieutenant Baker, Chief Joseph Gorman, Mayor Shirley Washington, Nurse Johnson, and Nurse Iverson as defendants, the Clerk of Court is directed to terminate the other defendants listed on the docket for this case.

Court's direction, Beard filed an amended complaint (Doc. No. 9). The Court has reviewed Beard's amended complaint and finds that his claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right,

privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Because Beard's initial complaint described numerous unrelated claims against multiple defendants, he was directed to file an amended complaint identifying claims relating to one issue and describing the involvement of each named defendant and how he was injured as a result of any alleged constitutional violations. Beard did not significantly narrow his claims. Accordingly, the Court screens what appears to be his most specific complaint: that Nurses Iverson and Johnson denied him mental health medication. Liberally construing his amended complaint, the Court construes this allegation as an Eighth Amendment deliberate indifference claim.

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody.[2] *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had

---

[2] Pretrial detainees' claims are evaluated under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's prohibition on cruel and unusual punishment. *See Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). However, pretrial detainees are entitled to at least as much protection under the Fourteenth Amendment as under the Eighth Amendment. *See id.* (citing *Spencer v. Knapheide Truck Equip. Co.,* 183 F.3d 902, 906 (8th Cir. 1999)); *see also Davis v. Hall,* 992 F.2d 151, 152–53 (8th Cir. 1993) (per curiam) (applying deliberate indifference standard to pretrial detainee's claims of inadequate medical care); *Bailey v. Feltmann*, 810 F.3d 589, 593 (8th Cir. 2016) (Court declined to address the proper constitutional standard unnecessarily, but noted that when that case was decided it was not clearly established that a pre-trial detainee was entitled to more protection than that provided by the Eighth Amendment).

objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Beard alleges that nurses Iverson and Johnson "turned off his mental health medication for allegedly hoarding." Doc. No. 9 at 6. He claims he was never written up for hoarding and alleges that Iverson and Johnson stopped his medications on a tip from another inmate. *Id.* at 7 & 13. He further alleges that he made medical requests to speak to a mental health provider and was told he had to speak to the facility doctor first, which he refused to do. *Id.* at 8. Beard does not describe his medical condition necessitating these medications or the medications he did not receive. He also fails to describe any injury he suffered as a result of not receiving his medications. In sum, he describes no facts to support his conclusory claim that Iverson and Johnson were deliberately indifferent to his serious medical needs. Accordingly, Beard's inadequate medical care claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

***Unrelated Claims.*** The remainder of Richardson's claims should be dismissed as unrelated.[3] Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants. *See Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974) (Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."); *see also Fulghum v. Allen,* 2015 WL 5667479 at *1 (8th Cir. 2015); *Harris v. Union Pacific R. Co.,* 2013 WL 1187719 (E.D. Ark. 2013); *Langrell v. Union Pacific R. Co.,* 2012 WL 3041312 (E.D. Ark. 2012). Beard's amended complaint fails to comply with

---

[3] The Court also notes that none of these unrelated claims describe a viable constitutional claim. Beard generally alleges that Captain Adams harasses him; that there is scrap metal in the jail; that Chief Gorman does not answer his grievances; that he has been kept in a cell with a white supremacist; that he has not been allowed to shave with disinfected clippers; that Lieutenant Smith has mistreated a mentally incapacitated inmate; and that he has suffered other poor conditions at the W.C. Brassell Adult Detention Center. Beard does not describe sufficient facts to support these claims or to describe the defendants' alleged involvement. He also describes no injuries. "Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)).

Furthermore, prisoners do not have a federally protected due process right to require prison officials to comply with internal rules or procedures, such as a grievance procedure. *See Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). And Beard has no standing to sue on behalf of other inmates. "A prisoner cannot bring claims on behalf of other prisoners." *Martin v. Sargent*, 780 F.3d 1334, 1337 (8th Cir. 1985).

Rule 20, as his separate claims do not arise from the same series of occurrences with common questions of fact. Further, Beard should not be allowed to defeat the filing fee requirements by joining multiple causes of action in one suit. *See Bailey v. Doe*, 434 F. App'x 573, 573 n.1 (8th Cir. 2011) (affirming severance of a prisoner's complaint into three separate actions and obligating him to pay three separate filing fees). Accordingly, the remainder of Beard's claims are subject to dismissal as inappropriately joined to his deliberate indifference claim.

### III.  Conclusion

For the reasons stated herein, it is recommended that:

1. Beard's amended complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted; and

2. Dismissal of this action be considered a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

It is so recommended this 21st day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE